RECEIVED
JAN 29 2013
DEBORAH S. HUNT, Clerk

Case No. 12-1128/12-1584/12-1585/12-1738

United States Court Of Appeals For The Sixth Circuit

American University of Antigua College Of Medicine

Plaintiff-Appellee,

v.

Steven Woodward,

Defendant-Appellant.

### A Motion To Take Judicial Notice:

### Case Nos. 12-1128/12-1584/12-1585/12-1738

Steven Woodward
7211 Brittwood Ln
Flint, MI 48507
(810)235-7267

1

# A Motion To Take Judicial Notice:

## Case Nos. 12-1128/12-1584/12-1585/12-1738

The attached exhibits support Woodward's claims previously presented, that counsel for and American University of Antigua, AUA, have knowingly committed perjury and made false declarations to Courts and including the United States Court Of Appeals.

**Exhibit 1**: AUA vs Arkansas State Medical Board Case 4:09-cv-00306-DPM

AUA admits two parent corporate disclosures:

"**American University of Antigua College of Medicine ("AUA") states that it is wholly owned by GCLR, LLC, a New York limited liability company. GCLR, LLC is wholly owned by Manipal Universal Learning, Inc....Manipal Universal Learning, Inc. is in turn wholly owned by Manipal Universal, Inc.**"

**Exhibit 2:** AUA vs Arkansas State Medical Board, Case 4:09-cv-00306-DPM, page 7 of 26 "**The University was subsequently acquired by Manipal University**"

**Exhibit 3**: AUA vs Woodward Cases: 12-1128, 12-1584, 12-1585, 12-1738 "Disclosure of Corporate Affiliations and Financial interest",

AUA discloses only "**American University of Antigua**".

**Exhibit 4**: R. Pahuja vs AUA, Caes 1:11-cv-04607-PAE, Dkt 17 page 2.

"**Leonard A. Sclafani, Esq. hereby affirms under penalty of perjury as follows**"

"I am a member of the firm of Leonard A. Sclafani, P.C., attorneys for defendant American University of Antigua (hereinafter "AUA") herein. I am also Senior Vice President and General Counsel of Manipal Education Americas, LLC, f/k/a GCLR, LLC, a New York limited liability company" "As hereinafter more fully set forth, it was GCLR, LLC, and not either of defendant American University of Antigua or the wholly separate entity known as "Greater Caribbean Learning Resources". Page 5, #7 "**AUA maintains no offices in the United States**."

Mr. Sclafani's perjury is verified by his own admission of being "Senior Vice President and General Counsel" for AUA's parent company.

Neal Simon admits he is an Officer and President of AUA (Dkt 1 pg 12); his office has been in New York prior to Woodward's last semester at AUA in 12/2007.

**Exhibit 5**: AUA Letterhead "Head Office, 501, Fifth Avenue, Suite 1600 New York"

**Exhibit 6**: Mr. Woodward was in New York, May 2011 this picture is of the corridor leading to the offices on the 10th Floor of 2 Wall Street.
"American University of Antigua".

Federal Rules of Appellate Procedure, Rule 26.1 is clear, "**Any nongovernmental corporate party to a proceeding in a court of appeals must file a statement that identifies any parent corporation**" AUA admitted (Exhibit 1) that there are three

3

parent companies **GCLR, LLC, Manipal Universal Learning, Inc., Manipal Universal, Inc.** Counsel for and AUA have filed false declarations before the Courts.

Fed Rule 7.1(a)(1) "**identifies any parent corporation**" FR 7.1(b)(1) "**file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court.**".

Judge Duggan and Judge Hluchaniuk were aware of and allowed AUA to violate Federal Rule 7.1(Dkt 205, pg 26 and Dkt 51, pg 5), Federal Rules for Discovery and Court Orders (Dkt 135and 136), Federal Law, 20 U.S.C 1232 (FERPA)(and the violation of contractual obligations per AUA's own Student Handbook) refusing Woodward his own student records. This clearly demonstrates the bias against Woodward and justifies the request per Notices of Appeals to overturning Court Orders against Woodward and the recusal Judge Duggan and Judge Hluchaniuk.

Steven Woodward
7211 Brittwood Ln
Flint, MI 48507
(810)235-7267

4

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AMERICAN UNIVERSITY OF ANTIGUA    PLAINTIFFS
COLLEGE OF MEDICINE;
SHREEKANTH CHERUKU;
ANJAN PATEL;
AMBER MILWARD; and
JUSTIN T. HARNEY

v.                          No. 4:09-CV-306 SWW

ARKANSAS STATE MEDICAL BOARD;    DEFENDANTS
TRENT P. PIERCE, M.D.;
JOSEPH M. BECK, II, M.D.;
BOBBY E. COGBURN, M.D.;
ANNE BRITTON;
OMAR T. ATIQ, M.D.;
JIM C. CITTY, M.D.;
WILLIAM F. DUDDING, M.D.;
ROGER HARMON, P.D.;
PATTY K. PETTWAY, D.O.;
DOUGLAS F. SMART, M.D.;
JOHN B. WEISS, M.D.; and
HAROLD B. BETTON, M.D.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, plaintiff American University of Antigua College of Medicine ("AUA") states that it is wholly owned by GCLR, LLC, a New York limited liability company. GCLR, LLC is wholly owned by Manipal Universal Learning, Inc., a corporation organized under the laws of the Republic of Mauritius. Manipal Universal Learning, Inc. is in turn wholly owned by Manipal Universal, Inc., a corporation organized under the laws of the Republic of India. None of these entities is publicly traded.


EXHIBIT 1

Case: 12-1584   Document: 31   Filed: 01/29/2013   Page: 6

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 27 2009
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

AMERICAN UNIVERSITY OF ANTIGUA
COLLEGE OF MEDICINE;
SHREEKANTH CHERUKU;
ANJAN PATEL;
AMBER MILWARD; and
JUSTIN T. HARNEY                                                         PLAINTIFFS

v.                          No. 4:09-CV-306 SWW

ARKANSAS STATE MEDICAL BOARD;                                            DEFENDANTS
TRENT P. PIERCE, M.D.;
JOSEPH M. BECK, II, M.D.;
BOBBY E. COGBURN, M.D.;
ANNE BRITTON;
OMAR T. ATIQ, M.D.;                         This case assigned to District Judge Wright
JIM C. CITTY, M.D.;                         and to Magistrate Judge Deere
WILLIAM F. DUDDING, M.D.;
ROGER HARMON, P.D.;
PATTY K. PETTWAY, D.O.;
DOUGLAS F. SMART, M.D.;
JOHN B. WEISS, M.D.; and
HAROLD B. BETTON, M.D.

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, American University of Antigua College of Medicine ("AUA"), individually and on behalf of current and former students, and Shreekanth Cheruku, Anjan Patel, Amber Milward, and Justin T. Harney complaining of defendants, the Arkansas State Medical Board ("ASMB"), Trent P. Pierce, M.D., Joseph M. Beck, II, M.D., Bobby E. Cogburn, M.D., Anne Britton, Omar T. Atiq, M.D., Jim C. Citty, M.D., William F. Dudding, M.D., Roger Harmon, P.D., Patty K. Pettway, D.O., Douglas F. Smart, M.D., John B. Weiss, M.D., and Harold B. Betton, M.D. (collectively, the "Individual Board Members"), both in their individual and official capacities, allege as follows:

1



EXHIBIT 2

practice medicine in Arkansas without due process of law and without equal protection of the laws, based on their national origin as Americans, in violation of the Fourteenth Amendment to the United States Constitution.

15. Plaintiffs Shreekanth Cheruku, Anjan Patel, Amber Milward, Justin T. Harney, and AUA on behalf of its current and former students bring this action under 42 U.S.C. § 1983 for defendants' willful, intentional, continuing, and ongoing violations of the Fourteenth Amendment to the United States Constitution under color of state law.

16. In addition, by their conduct in including AUA on their published list of "disapproved medical schools," and other statements regarding disapproved medical schools, defendants have defamed AUA and plaintiffs Shreekanth Cheruku and Anjan Patel in order to impede AUA's successful operation, to discourage qualified Americans from applying to and enrolling in AUA's medical doctorate program, and in order to reduce plaintiffs Cheruku and Patel's ability to obtain employment as medical doctors in the United States and in Arkansas.

17. By these claims, as more fully set forth below, plaintiffs seek injunctive relief, a declaratory judgment, compensatory damages, attorneys' fees, expenses, and costs.

## II. PARTIES, JURISDICTION, AND VENUE

18. AUA is an institution of higher education chartered by the government of Antigua to own and operate a medical school and a school of nursing. AUA is authorized under its charter to award medical doctorate ("M.D.") degrees.

19. AUA maintains its principal campus and principal offices at West Campus, Friar's Hill Road, St. John's, Antigua, W.I.

20. Plaintiff Shreekanth Cheruku is a citizen of the United States and a resident of the State of New York, maintaining his principal residence at 3-37 Cresthaven Lane, Whitestone,

including the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

30. This Court also has subject matter jurisdiction under 28 U.S.C. § 1343(a)(3) and (4) because plaintiffs seek redress for deprivation of rights, privileges and immunities secured to them by the Fourteenth Amendment to the United States Constitution and by 42 U.S.C. §§ 1983 and 1988, occasioned under color of State law, namely the Arkansas Medical Practices Act, ARK. CODE ANN. §§ 17-95-201 to -412, and the regulations promulgated under the Act.

31. In addition, this Court has supplemental jurisdiction over plaintiffs' defamation claim and defendants' improper delegation of its duties under the Arkansas Medical Practices Act, which arise under the laws of the State of Arkansas, under 28 U.S.C. § 1367 because those claims arise out of a common nucleus of operative facts with plaintiffs' federal constitutional claims and are so related to plaintiffs' federal constitutional claims that they form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

32. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1)-(2) because defendants reside within the district and a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this district.

### III. FACTUAL BACKGROUND

#### Introduction

33. AUA was founded in 2004 by world-class American physicians and professionals in the field of medical education. The University was subsequently acquired by Manipal University, a highly respected, privately owned university chartered by the government of India.

34. AUA provides a comprehensive, modern education for students who aspire to become highly skilled, compassionate physicians and nurses.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 12-1128        Case Name: American Univ of Antigua v Woodward

Name of counsel: Eric A. Buikema

Pursuant to 6th Cir. R. 26.1, __American University of Antigua__
                                    *Name of Party*
makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

   No

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

   No

**CERTIFICATE OF SERVICE**

I certify that on _____ June 14, 2012 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Kathy Zalewski

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

6CA-1
8/08


EXHIBIT 3
1 of 4

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 12-1584          Case Name: American Univ of Antigua v Woodward

Name of counsel: Eric A. Buikema

Pursuant to 6th Cir. R. 26.1, American University of Antigua
                              *Name of Party*
makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

   No

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

   No

### CERTIFICATE OF SERVICE

I certify that on _____ May 25, 2012 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Eric A. Buikema

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.



6CA-1
8/08


2 of 4

Page 1 of 2

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 12-1585    Case Name: American Univ of Antigua v Woodward

Name of counsel: Eric A. Buikema

Pursuant to 6th Cir. R. 26.1, __American University of Antigua__
                                        *Name of Party*
makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

   No

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

   No

**CERTIFICATE OF SERVICE**

I certify that on _____ May 25, 2012 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Eric A. Buikema

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

6CA-1
8/08

3 of 4

Page 1 of 2

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: 12-1738    Case Name: American Univ of Antigua v Woodward

Name of counsel: Eric A. Buikema

Pursuant to 6th Cir. R. 26.1, American University of Antigua
_Name of Party_
makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

   No

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identity of such corporation and the nature of the financial interest:

   No

### CERTIFICATE OF SERVICE

I certify that on _____ June 14, 2012 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/ Eric A. Buikema
322 W. Lincoln
Royal Oak, MI 48067

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

6CA-1
8/08

484

Page 1 of 2

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
RAJEEV PAHUJA,                                        Index #11 Civ. 4607(PAE)

                                                      AFFIRMATION OF
                              Plaintiff               LEONARD A. SCLAFANI, ESQ.
              -against-                               IN SUPPORT OF MOTION TO
                                                      DISMISS

AMERICAN UNIVERSITY OF ANTIGUA c/o GREATER
CARIBBEAN LEARNING RESOURCES,

                              Defendant
------------------------------------------------X
```

Leonard A. Sclafani, Esq. hereby affirms under penalty of perjury as follows:

1. I am an attorney duly admitted to practice before this Court. I am a member of the firm of Leonard A. Sclafani, P.C., attorneys for defendant American University of Antigua (hereinafter "AUA") herein. I am also Senior Vice President and General Counsel of Manipal Education Americas, LLC, f/k/a GCLR, LLC, a New York limited liability company. (Because, during the entire period of time relevant to this action, Manipal Education Americas, LLC was known as GCLR, LLC, hereinafter your affiant will refer to that entity as GCLR, LLC.) As hereinafter more fully set forth, it was GCLR, LLC, and not either of defendant American University of Antigua or the wholly separate entity known as "Greater Caribbean Learning Resources" that employed plaintiff and whose discharge of plaintiff underlies his suit herein. As such, I am fully

**EXHIBIT 4**

to the Associate's in Science Degree, Nursing (ASc.N) and a graduate program of education leading to the Doctor of Veterinary Medicine (DVM) Degree, among other educational programs. All of these programs, with the exception of the clinical training portions of the two doctorate programs above listed were taught at, and on, AUA's campus in Antigua.

7. AUA maintains no offices in the United States. All of its business in the United States was, and is, conducted under and through contracts with third party vendors such as Manipal Education Americas, LLC.

8. On or about April 21, 2009, plaintiff was hired by GCLR, LLC to serve as a supervisor of recruiters for AUA's School of Nursing. His title was "Senior Associate Director of Admissions" inasmuch as the recruiters who was to supervise were known as "Assistant Directors of Admissions" for AUA's nursing school. His immediate supervisor was Marie McGillicuddy, then, "Regional Director of Admissions." Like plaintiff, Ms. McGillicuddy was employed by GCLR, LLC, not AUA. She was, at the time, responsible for recruitment of students for GCLR's clients in the Caribbean Region, of which AUA was one, and, more particularly, for the supervision, hiring and firing of recruiters of

4



# AMERICAN UNIVERSITY OF ANTIGUA
## COLLEGE OF MEDICINE

Jasmine Court, Friars Hill Road, P.O. Box W - 1451
St. John's, Antigua, West Indies
Telephone: 268 - 481 - 8869
Fax: 268 - 481 - 8889
Cell: 268 - 725 - 4051
Website: www.auamed.org

**Dr. Majid Pathan**
Dean of Library Services & Academic Support
E-mail: drmpathan@auamed.org

---

To : Mr. Syed Noori & Mr. Steve Woodward, 2nd Semester

Sub : Grievance Committee Meeting

Date : October 19, 2006

---

The Committee has received from Dr. Peter Bell as well as Steve Glasser, an e-mail complaint by Mr. Steve Woodward against Dr. Usha Rani Somaraju of inappropriate attitude toward his class.

Dr. Somaraju, has given a letter complaining of insulting attitude and behavior in the class room when she was conducting a Post-review of Biochemistry Exam questions by [1] Mr. Steve Woodward and [2] Mr. Syed Noori, both 2nd semester students.

A Grievance Committee Meeting is therefore scheduled for Monday, October 23, 2006 in the Conference Room at the New Faculty offices next to Class Room No. 3 at 3:00 PM for hearing the complains.

This formal notice is being issued to both of you to attend the meeting and present your case. You may bring any witnesses and or bring any documentary evidence that you may have to support your complaint. You may address the Committee in person or in writing.

You are required to attend the meeting with your witnesses, which the Committee will hear.

If anyone of you can not attend the meeting and have a good reason, you may request an adjournment of this meeting and inform the Chairman in writing.

Thanking you,

Dr. Majid Pathan
Chairman, Grievance Committee

Head Office
501, Fifth Avenue, Suite 1600
New York, NY 10017
Tel: 1-212-661-8899    Fax: 1-212-661-8864

EXHIBIT 5



## Certificate of Word Count

Mr. Woodward Certifies that the Word Count of "**A Motion To Take Judicial Notice: Case Nos. 12-1128/12-1584/12-1585/12-1738**" is: 625 (Not counting Exhibits)

Microsoft Office Word 2003

Steven Woodward
7211 Brittwood Ln
Flint, Michigan 48507
(810)235-7267

*[signature: Steven Woodward]*

## Certificate of Service

The undersigned certifies that the foregoing "**A Motion To Take Judicial Notice: Case Nos. 12-1128/12-1584/12-1585/12-1738**" and this Certificate of Service were served upon Appellee (Plaintiff) by U.S. mail to American University of Antigua, via council, Eric A. Buikema (P58379), 322 West Lincoln Ave, Royal Oak, Michigan 48067

Steven Woodward
7211 Brittwood Ln
Flint, Michigan 48507
(810)235-7267

*/s/ Steven Woodward*

1

X-RAY
United States Marshals Service

EXPRESS MAIL
Flat Rate Mailing Envelope

EI 9 043873 US

ORIGIN (POSTAL SERVICE USE ONLY)
PO ZIP Code: 48480
Date Accepted: 1/28/13
Time Accepted: 439 PM
Flat Rate or Weight
Postage: $19.95
Total Postage & Fees: $19.95

FROM:
Steven Woodward
1211 Brittwood Ln
Flint, Mich 48507

TO:
U.S. Court of Appeals
for the Sixth Circuit
100 East Fifth St. Room 540
Potter Stewart U.S. Courthouse
Cincinnati, OH 45202-3988

45202

U.S. POSTAGE
GRAND BLANC, MI
48480
$19.95
0008439-13